IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

_____

| | |
|---|---|
| DAVID RONEMUS, ) | Cause No. CV 10-34-GF-SEH-RKS |
| ) | |
| Petitioner, ) | |
| ) | ORDER and FINDINGS AND |
| vs. ) | RECOMMENDATIONS OF |
| ) | U.S. MAGISTRATE JUDGE |
| MIKE MAHONEY; ATTORNEY ) | |
| GENERAL OF THE STATE OF ) | |
| MONTANA, ) | |
| ) | |
| Respondent. ) | |

_____

On June 4, 2010, Petitioner David Ronemus filed this action seeking a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner is a state prisoner proceeding pro se.

## I. Motion to Proceed In Forma Pauperis

After reviewing Petitioner's motion and supporting account statement, he has sufficiently shown that he cannot afford to pay all costs that may be associated with this action. The motion to proceed in forma

pauperis will be granted.

## II. Preliminary Screening

A habeas petition filed by a state prisoner must be summarily dismissed "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. Although Petitioner's claims are probably untimely and may be procedurally defaulted as well, it is more efficient to address them on the merits. 28 U.S.C. § 2254(b)(2); Lambrix v. Singletary, 520 U.S. 518, 524-25 (1997); Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir. 1983).

## III. Claims and Analysis

Petitioner seeks credit for two and a half years' time served and an order directing the Records Department at the Montana State Prison to change his discharge date. Id. at 6 ¶ 18.

### A. Credit for "Street Time"

Petitioner contends, first, that he was not given credit for a period of years spent in a pre-release center, an intensive supervision program, and on parole – "street time" – when his suspended sentence was revoked. He

ORDER AND FINDINGS AND RECOMMENDATIONS
OF U.S. MAGISTRATE JUDGE / PAGE 2

alleges that denial of credit violates Mont. Code Ann. § 46-18-402. Pet. (doc. 1) at 4 ¶ 15A.

Federal law does not entitle prisoners to credit against a prison sentence for street time, only for time spent in detention. E.g., 18 U.S.C. §§ 3585(b), 3565(a)(2). Petitioner's federal due process rights might be implicated if Montana law clearly awarded street-time credit and he did not receive it. E.g., Hicks v. Oklahoma, 447 U.S. 343, 346 (1980) (cited in Am. Pet. at 4 ¶ 15B). Montana law only requires judges to consider awarding street-time credit. Mont. Code Ann. § 46-18-203(7)(a)(iii), (b) (1999); State v. Williams, 69 P.3d 222, 224-25 ¶ 14 (Mont. 2003). Similarly, Mont. Code Ann. § 46-18-402 awards credit for time spent in custody, not for street time. Gundrum v. Mahoney, 36 P.3d 890, 891-92 ¶ 20 (Mont. 2001).

### B. Intensive Supervision Program

There are two ways to read Petitioner's second claim. It says:

> I was given parole upon completion of pre-release. I served my 2yr. sent. and the put [sic] on I.S.P. without due process to argue before a judge. Ex Post-Facto and Due Process Issues Hicks v. Oklahoma, St. of Mt. v. Lonelk [sic].

Pet. at 4 ¶ 15B.

If Petitioner means he served two years on parole and was then sent back to an intensive supervision program, he was not entitled to argue before a judge. Panels composed of members of the Board of Pardons and Parole decide parole matters. E.g., Mont. Code Ann. § 46-23-1025(2) (2003); Morrissey v. Brewer, 408 U.S. 471, 486, 489 (1972). Due process does not require judges to advise persons who plead guilty of the collateral consequences that may follow if a term of parole or probation is later revoked. E.g., Bargas v. Burns, 179 F.3d 1207, 1216 (9th Cir. 1999). At the same time, for ex post facto purposes, consequences imposed on revocation of a term of parole or probation are part of the sentence imposed for the original offense. United States v. Soto-Olivas, 44 F.3d 788, 791 (9th Cir. 1995). The federal protections on which Petitioner relies do not apply.

Alternatively, Petitioner might mean the Board decided he would be paroled after he served two years' imprisonment and completed a prerelease program, but after he served two years in prison, he was placed in an intensive supervision program rather than a pre-release center.

Intensive supervision and pre-release are not so different from each other as to give rise to a federally protected liberty interest in placement in one as opposed to the other. Morrissey, 408 U.S. at 482; see also Sandin v. Conner, 515 U.S. 472, 484 (1995).

Regardless of how this claim is interpreted, it lacks any basis in federal law.

## IV. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Cases. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c); Hohn v. United States, 524 U.S. 236 (1998); Lambright v. Stewart, 220 F.3d 1022, 1024 (9th Cir. 2000). Federal habeas relief is available only where a petitioner's custody violates "the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). None of Petitioner's claims shows a direct violation of federal law. Nor has Petitioner shown that he was arbitrarily deprived of some benefit to which he was clearly entitled under state law, in violation of the

Fourteenth Amendment's Due Process Clause.  He is not entitled to a certificate of appealability.

Based on the foregoing, the Court enters the following:

## ORDER

The motion to proceed in forma pauperis (doc. 2) is GRANTED.

The Court also enters the following:

## RECOMMENDATIONS

1.  The Petition (doc. 1) should be DENIED on the merits.

2.  The Clerk of Court should be directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

3.  A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing.  A district judge will make a de novo determination of

those portions of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Petitioner must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address."</u>  Failure to do so may result in dismissal of his case without notice to him.

DATED this 10th day of June, 2010.

<u>/s/ Keith Strong</u><br>
Keith Strong<br>
United States Magistrate Judge